# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, et al., | CASE NO. 1:10-cv-00792-LJO-SKO PC |
| Plaintiffs, | FINDINGS AND RECOMMENDATIONS |
| v. | (Doc. 13) |
| W. GARDNER, et al., | OBJECTIONS DUE WITHIN 20 DAYS |
| Defendants. | |

Plaintiffs Charles A. Rogers, Demitrius M. McClendon, and Antonio P. Youmans ("Plaintiffs") are state prisoners proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiffs have filed a motion requesting the certification of this litigation as a class action. (Doc. #13.) Federal Rule of Civil Procedure 23(a) provides that a class action may only be brought if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiffs are not attorneys and are proceeding without counsel. It is well established that a layperson cannot ordinarily represent the interests of a class. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) (pro se prisoner litigant cannot fairly and adequately protect the interests of fellow inmates in a class action). A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321

(2000); <u>Johns v. County of San Diego</u>, 114 F.3d 874, 876 (9th Cir. 1997); <u>C. E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his/her own behalf, but "has no authority to appear as an attorney for others"). Therefore, the Court will recommend that Plaintiffs' request to certify this litigation as a class action be denied.

Further, after reviewing the complaint, the Court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1297 (9th Cir. 2000); <u>Maddox v. County of Sacramento</u>, No. 2:06-cv-0072-GEB-EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

Plaintiffs Rogers and McClendon are currently housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran, California. Plaintiff Youmans is currently housed at Pleasant Valley State Prison in Coalinga, California. An action brought by multiple plaintiffs proceeding pro se in which one or more of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in addresses that occur when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with each other and with other individuals who are not incarcerated. Further, the need for all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the original signatures of all plaintiffs will lead to further delay and confusion. Therefore, Plaintiffs' claims shall be severed – Plaintiff Rogers shall proceed as the sole plaintiff in this action, and new actions shall be opened for Plaintiffs McClendon and Youmans. <u>Gaffney v. Riverboat Serv. of Indiana</u>, 451 F.3d 424, 441 (7th Cir. 2006). Each plaintiff shall be solely responsible for prosecuting his own action.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiffs' request for class certification be DENIED; and
2. The claims in this action be severed such that each plaintiff shall proceed separately on his own claim.

1   These Findings and Recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within twenty (20)
3 days after being served with these Findings and Recommendations, any party may file written
4 objections with the Court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6 shall be served and filed within ten (10) days after service of the objections.  The parties are advised
7 that failure to file objections within the specified time may waive the right to appeal the District
8 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10  IT IS SO ORDERED.
11  **Dated:    September 28, 2010**              **/s/ Sheila K. Oberto**
                                                  UNITED STATES MAGISTRATE JUDGE