# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES A. ROGERS, et al.<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>W. GARDNER, et al.,<br><br>　　　　　Defendants.　　　　　　／ | CASE NO. 1:10-cv-00792-LJO-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 17) |

Plaintiffs Charles A. Rogers, Demitrius M. McClendon, and Antonio P. Youmans ("Plaintiffs") are state prisoners proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 29, 2010, the Magistrate Judge issued a Findings and Recommendations which recommended that Plaintiffs' motion requesting class certification be denied and this action be severed such that each plaintiff shall proceed separately on his own claims. (Doc. #17.) The Findings and Recommendations were served on Plaintiffs and contained notice to Plaintiffs that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served. Plaintiff Charles A. Rogers filed objections on September 29, 2010. (Doc. #17.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiffs have failed to persuade the Court that class certification is appropriate or that this action should proceed jointly as to all three plaintiffs. A non-attorney proceeding pro se cannot fairly and adequately protect the interests of fellow inmates in a class action. See Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975). A non-attorney may bring his own claims to court, but may not represent others. Flymbo v. State Farm Fire & CasualtyCo., 213 F.3d 1320, 1321 (2000).

The objections filed to the Findings and Recommendations exemplify the difficulties caused by actions brought by multiple incarcerated pro se plaintiffs. The objections are only signed by one party, Charles A. Rogers, who asserts that he is the "class representative" for Plaintiff's McClendon and Youmans. The Findings and Recommendations noted the delays and difficulties caused when multiple incarcerated pro se plaintiffs attempt to litigate a joint action because of the need to agree on all filings made in this action and the need for all filings to contain the original signatures of all plaintiffs. Plaintiffs were unable to file joint objections signed by all three plaintiffs. The remaining arguments made in the objections are unpersuasive.

Accordingly, the Court HEREBY ORDERS that:

1. The September 29, 2010 Findings and Recommendations are ADOPTED in full;
2. Plaintiffs' request for class certification is DENIED; and
3. The Clerk is directed to open separate actions for Plaintiffs McClendon and Youmans and file copies of Plaintiffs' complaint in those actions. This action shall only proceed on the claims raised by Plaintiff Rogers.

IT IS SO ORDERED.

**Dated:   February 10, 2011**          /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE